UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN A. BROWNLEE, III,** : | |
| **Plaintiff** : | CIVIL ACTION NO. 3:19-1709 |
| v. : | (JUDGE MANNION) |
| **USPO KAREN HUNT and** : | |
| **LORI FENEK, of Forensic** | |
| **Counseling Associates,** : | |
| **Defendants** : | |

**O R D E R**

Pending before the court is the report of Magistrate Judge William I. Arbuckle, which recommends that the plaintiff's complaint (Doc. 1) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted. (Doc. 17). The plaintiff has failed to file objections to the report and recommendation.

Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges

should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

By way of relevant background, the plaintiff brought the instant action seeking monetary damages alleging that his rights were violated by the administration of a polygraph test as a condition of his supervised release. Having given the plaintiff's complaint preliminary consideration pursuant to 28 U.S.C. §1915(e)(2), Judge Arbuckle advised the plaintiff that his complaint did not state a claim upon which relief could be granted. (Doc. 13). The plaintiff was advised to file an amended complaint on or before March 9, 2020, a deadline that was later extended until June 12, 2020 (Doc. 16). The plaintiff failed to file an amended complaint and, on September 18, 2020, Judge Arbuckle issued the instant report in which he finds that the plaintiff has not alleged a cognizable claim pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Moreover, even assuming that the plaintiff had a viable <u>Bivens</u> claim, Judge Arbuckle finds that the plaintiff has not alleged enough facts to show that his Fifth Amendment rights were violated. Therefore, Judge Arbuckle

recommends dismissal of the plaintiff's complaint, without leave to amend, because any leave to amend would be futile.

Upon review of Judge Arbuckle's report and recommendation, the court finds no clear error of record. Moreover, the court agrees with the sound reasoning which led Judge Arbuckle to his conclusions. As such, the court adopts Judge Arbuckle's report in its entirety.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

**(1)** The report and recommendation of Judge Arbuckle **(Doc. 17)** is **ADOPTED IN ITS ENTIRETY** as the decision of the court.

**(2)** The plaintiff's complaint is **DISMISSED,** without leave to amend, pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**(3)** The Clerk of Court is directed to **CLOSE THIS CASE**.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 9, 2020**
19-1709-01